UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MAURICE COPELAND,

                    Plaintiff,

        -against-

ROBERT TROTTA, Shield # 113813362, individually
and in his official capacity, Suffolk County Police
Department , PATRICIA BROSCO, individually and in her
official capacity, Suffolk County District Attorneys Office,
ANDREW HEFFERNAN, individually and in his official
capacity, CHRISTOPHER C. CAFFERONE, individually
and in his official capacity, United States Attorneys Office,
HONORABLE JOANNA SEYBERT, individually and in her
official capacity, JOHN DOE, individually and in his official
capacity, Federal Bureau of Investigation, JANE DOE,
individually and in her official capacity, Federal Bureau of
Investigation,

                    Defendants.
-------------------------------------------------------------------X

**ORDER**
12-CV-4020(SJF)(AKT)

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ SEP 2 8 2012 ★

**LONG ISLAND OFFICE**

FEUERSTEIN, J.

I.     Introduction

       On August 10, 2012, incarcerated pro se plaintiff Maurice Copeland ("plaintiff") filed a

complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"). [Docket Entry No. 1] ("Compl.").

Accompanying the complaint is an application to proceed in forma pauperis. Upon review of

plaintiff's declaration in support of his application, the Court finds that plaintiff's financial

position qualifies him to commence this action without prepayment of the Court's filing fee. See

28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's application to proceed in forma pauperis is

granted. However, for the reasons discussed herein, the complaint is sua sponte dismissed

pursuant to 28 U.S.C. §§ 1915(e)(2) (B)(ii)-(iii), 1915A(b) (1)-(2).

II.     The Complaint

Plaintiff's allegations arise from his prosecution on both state and federal drug charges. Plaintiff's action alleges that various individuals associated with his criminal prosecutions, including the state and federal prosecuting attorneys, his defense attorney in the federal case, the presiding federal judge, and other named and unnamed law enforcement officers, conspired to deprive plaintiff of his constitutional rights.

Plaintiff was arrested by Suffolk County police officers on May 25, 2010 and charged with possession of a controlled substance in the third degree. Compl. at 2. After being arraigned and indicted, plaintiff was released on bond from the Suffolk County jail on July 17, 2010. Id. Plaintiff filed a suppression motion in the state proceedings in November 2010. Id. Plaintiff alleges that shortly thereafter Suffolk County Police Detective Robert Trotta ("Detective Trotta") "filed a felony complaint in federal court to have [the] state court prosecution removed to federal court . . . ." Id. Plaintiff claims that he was arrested again on December 8, 2010 on the federal charges. Id.[1]

Plaintiff alleges that Detective Trotta and the prosecuting attorneys in the state action, Patricia Brosco ("ADA Brosco") and Andrew Heffernan ("ADA Heffernan"), "conspired with others to violate [plaintiff's] rights and to have [him] unlawfully imprisoned into federal custody." Id. Plaintiff's complaint states as follows:

---

[1]Plaintiff pleaded guilty to possession with intent to distribute fifty (50) grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii) on June 6, 2011. Judgment was entered on August 13, 2012 and plaintiff was sentenced to 120 months of imprisonment and five (5) years of supervised release upon his discharge. Judgment, United States v. Copeland, No. 11-CR-00014 (E.D.N.Y. Aug. 13, 2012).

> [Detective] Trotta and the District Attorneys on my case in state
> court did not want me to have that suppression hearing because
> they felt I would win and the case would be disposed of. So,
> [Detective] Trotta and the District Attorneys came up with the
> scheme to have my case unlawfully removed to federal court so I
> could not have my suppression hearing in state court.

Id. at 3.

Plaintiff also alleges that certain unidentified Federal Bureau of Investigation ("FBI")

agents conspired with Detective Trotta "to have [plaintiff] unlawfully imprisoned into federal

custody . . . [and] placed . . . under arrest without probable cause or an arrest warrant for the same

charge [he] was already arrested for on May 24, 2010 by the S.C.P.D." Id.

Plaintiff makes a similar allegation against Assistant United States Attorney Christopher

C. Cafferone ("AUSA Cafferone"), stating that AUSA Cafferone "conspired with others to

violate [plaintiff's] constitutional rights and to unlawfully keep [plaintiff] incarcerated in federal

custody by intentionally prosecuting [plaintiff's] case [when AUSA Cafferone] knew he had no

jurisdiction to prosecute in federal court because [plaintiff's] state court prosecution and

jurisdiction was not exhausted." Id.

Plaintiff also asserts that his court-appointed defense attorney in the federal criminal case,

Tracey Gaffey ("Gaffey"), participated in the conspiracy "to violate [plaintiff's] constitutional

rights and to unlawfully keep [him] incarcerated in federal custody. Id. at 4.

Finally, plaintiff names as a defendant the Honorable Joanna Seybert, United States

District Judge, who presided over plaintiff's federal criminal prosecution. Plaintiff complains

that Judge Seybert "denied [his] motion on April 27, 2012 for lack of subject matter jurisdiction

without reading [the] motion." Id. Plaintiff further claims that Judge Seybert "conspired with

3

others to violate [plaintiff's] constitutional rights and to keep [him] unlawfully incarcerated in federal custody" because Judge Seybert "knows there is no statute, case law or anything in the constitution that allows a federal court to take over a state court jurisdiction." Id.

Plaintiff seeks to recover "compensatory damages for severe pain and suffering in the amount of $150 Million dollars and punitive damages in the amount of $150 Million dollars and also attorney and court fees." Id. at 5.

III.    Discussion

A.      In Forma Pauperis Application

Upon review of plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's request to proceed in forma pauperis is granted.

B.      The Prison Litigation Reform Act

The Prison Litigation Reform Act requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B)(i-iii), 1915A(a)-(b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court is required to dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(a).

It is axiomatic that the Court is required to read a pro se plaintiff's complaint liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007), and to construe it "'to raise the strongest arguments'" suggested. Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (quoting Harris v.

4

City of N.Y., 607 F.3d 18, 24 (2d Cir. 2010)).  Moreover, the Court must assume the truth of "all

well-pleaded, nonconclusory factual allegations" in the complaint.  Kiobel v. Royal Dutch

Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010).

   A complaint must plead sufficient facts "to state a claim to relief that is plausible on its

face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678

(2009).  While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and

conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id.

(quoting Twombly, 550 U.S. at 555).

   C.     Section 1983 Standard

   Section 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State . . . subjects, or causes to be subjected, any citizen of the
> United States . . . to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party injured . . . .

To state a cognizable Section 1983 claim, a plaintiff must allege that the challenged conduct was

"committed by a person acting under color of state law" and that the conduct "deprived [the

plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United

States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (internal quotation marks omitted).

Section 1983 does not create any independent substantive rights but rather is a vehicle to "redress

. . . the deprivation of [federal] rights established elsewhere." Thomas v. Roach, 165 F.3d 137,

142 (2d Cir. 1999).

D.    Claims Against Judge Seybert

Plaintiff's Section 1983 claims against Judge Seybert are barred by the doctrine of judicial immunity.[2] It is well-established that a judge is absolutely immune from liability for damages for any act performed within his or her jurisdiction and "will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (internal quotation marks omitted). In determining whether a judge has immunity with respect to a particular act, two factors must be considered: (1) whether the act is a function normally performed by a judge; and (2) whether the parties dealt with the judge in his or her official capacity. Stump, 435 U.S. at 362.

Here, plaintiff's allegations relate solely to Judge Seybert's involvement in plaintiff's federal criminal prosecution:  plaintiff complains that Judge Seybert denied his motion that sought to dismiss the federal criminal case for lack of subject matter jurisdiction.   Rendering such a decision of course falls squarely within the judicial function.  Accordingly, Judge Seybert enjoys absolute judicial immunity from suit with respect to the acts complained of by plaintiff, and the action against her is dismissed with prejudice.

E.    Claims Against ADA Brosco, ADA Heffernan and AUSA Cafferone

---

[2]The Court notes as an initial matter that plaintiff asserts his claims against the defendant federal officers and employees pursuant to Section 1983.  Such claims are not cognizable because the federal defendants do not act under color of state law.  The Court therefore construes plaintiff's claims against the federal defendants as having been asserted pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).  As plaintiff's claims fail as a matter of law regardless, the issue is irrelevant and will not be noted in regard to each federal defendant.

Plaintiff's claims against the prosecutor defendants are barred by the doctrine of prosecutorial immunity.  Prosecutors are absolutely immune from civil liability for any acts they perform that are "intimately associated with the judicial phase of the criminal process." Yin Jing Gan v. City of N.Y., 996 F.2d 522, 530 (2d Cir. 1993) (internal quotation marks omitted). Although a prosecutor's immunity does not encompass acts that are investigative or administrative in nature, a prosecutor is entitled to immunity for any act performed that can be characterized as "litigation-related." Barbera v. Smith, 836 F.2d 96, 99-100 (2d Cir. 1989).  It is "well established that a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under § 1983." Shmueli v. City of N.Y., 424 F.3d 231, 236 (2d Cir. 2005) (internal quotation marks and citations omitted).  "Once the court determines that the challenged prosecution was not clearly beyond the prosecutor's jurisdiction, the prosecutor is shielded from liability for damages for commencing and pursuing the prosecution, regardless of any allegations that his actions were undertaken with an improper state of mind or improper motive." Id.

Plaintiff's primary allegation is that the defendants conspired to "remove" the ongoing state criminal case against him to federal court. As a threshold matter, plaintiff's premise is flawed because the state criminal case was not removed; rather, plaintiff was indicted on new federal charges. Indictment, United States v. Copeland, No. 11-CR-00014 (E.D.N.Y. Jan. 6, 2011).  However, insofar as plaintiff seeks to impose liability on the prosecutors for their roles in commencing the federal criminal case, such claims are clearly barred because the commencement of a criminal prosecution is precisely the type of conduct shielded by absolute prosecutorial immunity.  Plaintiff does not allege that any of the defendants engaged in conduct that falls

7

outside the scope of their prosecutorial duties and, therefore, plaintiff's claims against ADA Brosco, ADA Heffernan and AUSA Cafferone are dismissed with prejudice.

      F.    Claims Against Gaffey

      Plaintiff's Section 1983 claims against his court-appointed criminal defense attorney in the federal prosecution must be dismissed because court-appointed counsel are not agents of either the federal or state governments and thus cannot be sued under Section 1983 or Bivens. See, e.g., Olmeda v. Babbits, No. 07 Civ. 2140, 2008 WL 282122, at *7 (S.D.N.Y. Jan. 25, 2008) (holding that federal defender cannot be sued under Section 1983 or Bivens "because appointed attorneys, no matter how they are paid, are their clients' agents and not the government's"); Caroselli v. Curci, 371 F. App'x 199 (2d Cir. 2010) (affirming dismissal of Section 1983 claims against the New York State Legal Aid Society and one if its attorneys because "neither is a state actor amenable to suit under § 1983"). Even affording the pro se complaint a liberal construction as this Court is required to do, plaintiff's allegations of a conspiracy between Gaffey and the state actors is "wholly conclusory and insufficient to state a plausible conspiracy claim." Caroselli, 371 F. App'x at 201. Accordingly, plaintiff's claims against Gaffey are dismissed with prejudice.

      D.    Claims Against Detective Trotta and the Unnamed FBI Agents

      Plaintiff fails to allege a cognizable claim against the state and federal law enforcement officers who arrested him. Plaintiff claims that Detective Trotta and the unidentified FBI agents lacked probable cause to arrest him on December 8, 2010 "because the offense [he] was arrested for is the same offense [he] already was arrested for on May 25, 2010" by state officers. Compl. at 2. Plaintiff's claims must be dismissed because they imply the invalidity of plaintiff's

conviction upon his guilty plea to possession with intent to distribute cocaine base. Claims under

Section 1983 or <u>Bivens</u> "for allegedly unconstitutional conviction or imprisonment, or for other

harm caused by actions whose unlawfulness would render a conviction or sentence invalid"

cannot be asserted unless the conviction has been reversed, expunged, declared invalid by a state

tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. <u>Heck v.</u>

<u>Humphrey</u>, 512 U.S. 477, 486-87 (1994); <u>Pitcher v. Ramos</u>, No. 12 CV 3335, 2012 WL

3598207, at *2 (E.D.N.Y. Aug. 17, 2012) (applying <u>Heck</u> to a <u>Bivens</u> action). Plaintiff fails to

demonstrate that his conviction has been overturned or otherwise invalidated and, therefore,

plaintiff's Section 1983 claims against Detective Trotta and the unnamed FBI agents are

dismissed without prejudice.[3]

IV. Conclusion

For the reasons set forth above: (1) plaintiff's application to proceed <u>in forma pauperis</u> is

granted; (2) plaintiff's claims against the Honorable Joanna Seybert, ADA Brosco, ADA

Heffernan, and AUSA Cafferone are dismissed with prejudice; and (3) plaintiff's claims against

Detective Trotta and the unnamed FBI agents are dismissed without prejudice and with leave to

amend in the event that plaintiff's conviction is overturned or otherwise invalidated.

The Clerk of Court shall, pursuant to Rule 77(d)(1) of the Federal Rules of Civil

Procedure, serve notice of entry of this order upon all parties in accordance with Rule 5(b) of the

Federal Rules of Civil Procedure and mail a copy of this order to plaintiff's address of record

pursuant to Rule 5(b)(2)(C).

---

[3]The dismissal is without prejudice because plaintiff may be able to state a plausible claim for relief in the event that his conviction is reversed or otherwise invalidated. <u>See Amaker v. Weiner</u>, 179 F.3d 48, 52 (2d Cir. 1999).

9

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated:        September 28, 2012
              Central Islip, New York